IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11-19634 |
| | ) | |
| Martin A. Maniaci | ) | JUDGE Arthur I. Harris |
| Deborah L. Maniaci | ) | |
| | ) | Chapter 11 |

Debtor(s)


Amended **PLAN OF REORGANIZATION**


I.  INTRODUCTION

Martin A. Maniaci and Deborah L. Manaici,  Debtors-In-Possession ("DEBTOR"), hereby

submit this  Amended PLAN OF REORGANIZATION  in order to set forth the Classification and

Treatment of Claims and other Provisions of their Amended Plan of Reorganization ("PLAN").

II.  DEFINITIONS

The following terms, when used in the Plan, shall have the respective meanings set forth

below:

1.  ADMINISTRATIVE CLAIM:

Any allowed Claim and expense accruing after the date the Chapter 11 case

commenced which is entitled to priority pursuant to Sections 503(b) and 507(a)(1) of the Bankruptcy

Code.


Maniaci 11-19634, Plan

1

2.  ALLOWED CLAIM:

Any claim against the Debtor, including a secured claim, an administrative claim, a priority claim, or an unsecured claim, proof of which is filed on or before the last date fixed by the Bankruptcy Court for filing proofs of claim, which date is June 29, 2012 or which has been or hereafter is scheduled by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a claim as to which no objection to the allowance thereof has been or shall be interposed within the applicable period of limitation therefore, or as to which an objection has been determined by a Final Order allowing such claim.

3.  BANKRUPTCY CODE:

The Bankruptcy Reform Act of 1978, 11 U.S.C. Section 101, et seq., as the same has heretofore been and hereafter may be amended to the extent that such amendment may be applied to the Debtors' Chapter 11 case.

4.  BANKRUPTCY COURT:

The United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, having jurisdiction over the Debtor's Chapter 11 case.

5.  CLAIMS BAR DATE:

The last date for filing a proof of claim. The claims bar date was established by the Court. Accordingly, with respect to all non-scheduled pre-petition claims against the Debtor, the **Claims Bar Date is June 29, 2012**

6.  CONFIRMATION DATE:

The date the Bankruptcy Court enters an Order confirming the Plan.

7.  DEBTOR:

Martin A. Maniaci, an individual.
Deborah L. Maniaci, an individual

8.  EFFECTIVE DATE:

Thirty (30) days following the date on which the Order of the Bankruptcy Court confirming the Plan shall have been entered.

Maniaci 11-19634, Plan

2

9.  FINAL ORDER:

      An order of the Bankruptcy Court which shall not have been reversed, stayed, modified or amended and (i) the time to appeal from or seek review, certiorari, or rehearing of shall have expired, (ii) no appeal, review, certiorari or rehearing is pending, and (iii) the order has become conclusive of all matters adjudicated therefore and is in full force and effect.

10.  PLAN:

      This Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time.

11.  PLAN FUNDS:

      Funds Debtors generate from their personal earnings which are placed in a special account to be issued solely for distribution to creditors and which shall be in an amount sufficient to satisfy the distributions required under the Plan.

12.  OBLIGATIONS OF WHOLLY-OWNED BUSINESS ENTITY:

The Debtors in this case are owners of a wholly-owned business entity identified as DJM Holdings, LTD  (Hereinafter DJM)  Some creditors of DJM have filed secured claims in this proceeding.

None of those claims are secured claims in this proceeding and therefore those claims will not be paid in this case, but will be paid as set forth in the confirmed plan of DJM Holdings (Case Number 10-20758).  However, to the extent those creditors have filed unsecured claims, those claims will be paid as filed as unsecured claims.

## 13.  PRE-PETITION SECURED CLAIMS ON DEBTORS' REAL ESTATE:

Table of real estate claims by Property Address—Interest listed according to type and treatment of interest

  Mortgage liens will be treated as set forth herein and in the Disclosure Statement and recapitulated in this table

| Property Address<br><br>Value | Claim Number/ Creditor ID | Nature of Interest | Amount Scheduled | Amount Claimed | Planned Action With Regard to Mortgage Interest | Parcel # | Real Estate Tax due |
|---|---|---|---|---|---|---|---|
| **10100 Pinecrest Road'; Concord, OH 44077** (Principal Residence)<br><br>**$389,224.00** | **15** Bank of America NA 7105 Corporate Drive Plano, TX 75024 | First Mortgage | $398,680 | $398,227.94 | Pay according to contract | 10A023A000170 | $21,860.32 |
| **10100 Pinecrest Road'; Concord, OH 44077** (Principal Residence)<br><br>**$389,224,00** | **29** Bank of America, NA Prober & Raphael Attorney for Secured Creditor PO Box 4365 Woodland Hills, CA  91365-4365 | Second Mortgage | $45,959 | $46,270.95 | Strip off under 11 U.S.C. § 506 and object to claim; Claim 29 will not be paid as a secured claim but will be paid as an unsecured claim and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge | | |

4

| 8283 Browning Court Concord, OH 44077 (Investment Real Estate)<br><br>$355,000.00 | Claim filed late JP Morgan Chase Bank, NA Chase Bank PO Box 1093 Northridge, CA 91328 | First Mortgage | $313,198.00 | $330,063.33 as of the date the case was filed | Pay full amount of claim amortized over 30 years with interest at 6% and taxes to be escrowed as part of the payment.<br>The amount paid will the payoff as of 1/31/13 in the amount of $357,370.74 as augmented by additional interest from that date. Payments to begin on the effective date. | 10A022F000180 | No real estate taxes are due as of the effective date as they have been paid by the creditor and are now part of the new loan |
| 8283 Browning Court Concord, OH 44077 (Investment Real Estate) | No Claim Filed Charter One P.O. Box 42008 Providence, RI 02940 | Second Mortgage interest-Disputed | $50,000.00 | NA | File Complaint to determine nature and extent and priority of liens and interests; in plan, treat as free and clear of any liens and interests and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge<br>To the extent this is an allowed claim, it will be treated under 11 U.S.C. § 506 as wholly unsecured | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **9321 Creekwood; Mentor, OH 44060 (Investment Real Estate)**<br><br>——————<br><br>**$191,192.00** | **46**<br>Indy Mac Bank<br>P.O. Box 78826<br>Phoenix, AZ 85062 | First Mortgage | **$119,000.00** | **$118,353.44** | Pay according to contract—except for arrearage claim in the amount of **$16,200.00** which will be paid pro/rata with secured claims at 0% interest | 16A0191000110 | $2,040.31 |
| **9321 Creekwood; Mentor, OH 44060** (Investment Real Estate)<br><br>**$191,192.00** | **13**<br>Keybank<br>PO Box 94968<br>Cleveland OH 44101<br>Notice to Weltman Weinberg & Reis Co. LPA; 323 West Lakeside Ave. 2nd Floor; Cleveland, OH 44113 | Second Mortgage | $18,402.00 | $18,417.67 | Pay according to contract—except for arrearage in the amount of $456.00 which will be paid pro rata with secured claims at 0% interest | | |

11-19634-aih    Doc 126    FILED 01/22/13    ENTERED 01/22/13 20:32:46    Page 6 of 26

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **5143 Anthony, Maple Heights, OH** (Investment Real Estate)<br><br>**$38,000.00** | 43<br><br>`Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-11 c/o D. Anthony Sottile, Esq. Managing Attorney, Bankruptcy Practice Group Gerner & Kearns Co., LPA 809 Wright's Summit Parkway, Suite 200 Ft. Wright, Kentucky 41011` | First Mortgage | $81,219.00 | $81,084.58 | Treat claim as secured only to extent of value; pay 38,000.00 at 6% interest over 180 months from effective date; Object to claim to the extent that it states a secured value in excess of real estate value and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge | 781-27-161 | $11,505.96 |

7

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **19701 Maple Heights, Maple Heights, OH** (Investment Real Estate)  ———  **$37,500.00** | 41 Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-11c/o D. Anthony Sottile, Esq. Managing Attorney, Bankruptcy Practice Group Gerner & Kearns Co., LPA 809 Wright's Summit Parkway, Suite 200 Ft. Wright, Kentucky 41011 | First Mortgage | 80,531.00 | 80,397.36 | Treat claim as secured only to extent of value; pay 37,000.00 at 6% interest over 180 months from effective date; Object to claim to the extent that it states a secured value in excess of real estate value and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge | 782-08-054 | $15,123.43 |

| 15809 Grant Maple Heights, OH (Investment Real Estate) $38,000.00 | 40 Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-11c/o D. Anthony Sottile, Esq. Managing Attorney, Bankruptcy Practice Group Gerner & Kearns Co., LPA 809 Wright's Summit Parkway, Suite 200 Ft. Wright, Kentucky 41011 | First Mortgage | 79,155.02 | 80,397.36 | Treat claim as secured only to extent of value; pay 38,000.00 at 6% interest over 180 months from effective date; Object to claim to the extent that it states a secured value in excess of real estate value and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge | 781-04-067 | $10,534.27 |
|---|---|---|---|---|---|---|---|

9

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **18706 Longview, Maple Heights, OH**<br><br>(Investment Real Estate)<br><br>—————<br><br>**$40,000.00** | 45 Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-11c/o D. Anthony Sottile, Esq. Managing Attorney, Bankruptcy Practice Group Gerner & Kearns Co., LPA 809 Wright's Summit Parkway, Suite 200 Ft. Wright, Kentucky 41011 | First Mortgage | $79,155.00 | $79,023.15 | Treat claim as secured only to extent of value; pay 40,000.00 at 6% interest over 180 months from effective date; Object to claim to the extent that it states a secured value in excess of real estate value and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge | 782-07-053 | $2,287.53 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **5384 Auburn, Maple Heights, OH** (Investment Real Estate)<br><br>**$40,000.00** | 42 Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-11c/o D. Anthony Sottile, Esq. Managing Attorney, Bankruptcy Practice Group Gerner & Kearns Co., LPA 809 Wright's Summit Parkway, Suite 200 Ft. Wright, Kentucky 41011 | First Mortgage | $79,089.00 | $79,956.54 | Treat claim as secured only to extent of value; pay 40,000.00 at 6% interest over 180 months from effective date; Object to claim to the extent that it states a secured value in excess of real estate value and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge | 783-07-028 | $11,368.04 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **15103 Tokay, Maple Heights, OH** (Investment Real Estate)<br><br>**$45,000.00** | 44 Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-11c/o D. Anthony Sottile, Esq. Managing Attorney, Bankruptcy Practice Group Gerner & Kearns Co., LPA 809 Wright's Summit Parkway, Suite 200 Ft. Wright, Kentucky 41011 | First Mortgage | $77,778.00 | $77,648.71 | Treat claim as secured only to extent of value; pay 45,000.00 at 6% interest over 180 months from effective date; Object to claim to the extent that it states a secured value in excess of real estate value and the lien will be released upon the completion of all payments in the plan and receipt of order of discharge | 785-04-095 | $2,438.71 |

12

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **5165 Arch, Maple Heights, OH**<br><br>(Investment Real Estate)<br><br>**$66,000.00** | 50<br>US Bank NA as Trustee, successor in interest to Bank of America, NA as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-8 Trust through JP Morgan Chase Bank, NA Servicer | First Mortgage | | $85,238.00 | This claim shall be paid in accordance with the terms set forth in the related case of DJM Holdings, Inc. Case No 10-20758 filed October 28, 2010 by DJM Holdings, LTD (the DJM case) with $85,238.00 as the amount of the claim as of the effective date of the plan confirmed December 14, 2011in the DJM Holdings Case.  Interest shall be paid at 6% as of the effective date of the plan in the DJM case, interest accruing from January 13, 2012. Specifically, the claim shall be treated as set forth in the Third Amended Plan of Reorganization as supplemented by the terms of the New Recourse Obligations and Exhibit C filed as a support document in the DJM case on October 20, 2011 at Docket #417.  Thus,balance due shall be the value of the property, $85,238.00, payable at 6% interest accruing from January 13, 2012.  The loan shall be amortized over 30 years with a twenty (20) year call and the Creditor may demand payment in full on December 1, 2031. Any escrow shortage as of the effective date of this plan will be included in the monthly payment to be repaid ofer sixty months. There will be no escrow for taxes or insurance accruing after the effective date of the this plan. The unsecured portion of that claim, the difference between the value and the claim, will be treated as an unsecured claim in this proceeding | 782-02-068 | $1,224.78 |

13

In the foregoing table, the debtors have set forth the real estate collateral, the value of the real estate collateral, and the treatment of each potential claim. Each claim will be treated as secured to the extent set forth in the table. The amount treated as secured shall be the value of the real estate. Secured value will be paid at 6% in a reamortized loan as set forth in the table; the amortization period will be 180 months. That is the full extent to which the secured claims shall be paid. The table showing real estate taxes due by parcel of real estate is set forth in paragraph 14 below. **The value of the collateral and the treatment of each claim shall be deemed established by plan confirmation. Any creditor wishing to dispute the value of the collateral and treatment of the claim must file an objection to confirmation.**

14. TAX CLAIM:

Any allowed claim of a governmental unit entitled to priority pursuant to Section 507(a)(8)(B) of the Bankruptcy Code. The following is a list of such claims listed by property address

| Property Address ___ Value | Claim Number/Creditor ID | Interest | Taxes due as of Plan Date | Planned Action |
|---|---|---|---|---|
| 10100 Pinecrest Road'; Concord, OH 44077 (Principal Residence) ___ $389,224.00 | | Real Estate Tax Lien | $21,860.32 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11. |

14

| | | | | |
|---|---|---|---|---|
| 9321 Creekwood; Mentor, OH 44060 (Investment Real Estate)<br><br>$191,192.00 | | Real Estate Tax Lien | $2,040.31 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11. |
| 5143 Anthony, Maple Heights, OH (Investment Real Estate)<br><br>$38,000.00 | **32** Cuyahoga County Treasurer; 1219 Ontario St. Room 109— Bankruptcy Department; Attention Mark Campbell Cleveland OH 44113 | Real Estate Tax Lien | 11,505.96 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11, except to the extent that the liability may be reduced by post-confirmation petition to the County Board of Revision, in which case the total payment amount will be reduced to the revised liability |
| 19701 Maple Heights, Maple Heights, OH (Investment Real Estate) 782-08-054<br><br>$37,500.00 | **31** Cuyahoga County Treasurer; 1219 Ontario St. Room 109— Bankruptcy Department; Attention Mark Campbell Cleveland OH 44113 | Real Estate Tax Lien | 15,123.43 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11, except to the extent that the liability may be reduced by post-confirmation petition to the County Board of Revision, in which case the total payment amount will be reduced to the revised liability |

| | | | | |
|---|---|---|---|---|
| 15809 Grant; Maple Heights, OH (Investment Real Estate) PPN 781-04-067 \n\n**38,000.00** | 30 Cuyahoga County Treasurer; 1219 Ontario St. Room 109— Bankruptcy Department; Attention Mark Campbell Cleveland OH 44113 | Real Estate Tax Lien | 10,534.27 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11, except to the extent that the liability may be reduced by post-confirmation petition to the County Board of Revision, in which case the total payment amount will be reduced to the revised liability |
| 18706 Longview, Maple Heights, OH (Investment Real Estate) \n\n**$40,000.00** | / Cuyahoga County Treasurer; 1219 Ontario St. Room 109— Bankruptcy Department; Attention Mark Campbell Cleveland OH 44113 | Real Estate Tax Lien | $2,287.53 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11, except to the extent that the liability may be reduced by post-confirmation petition to the County Board of Revision, in which case the total payment amount will be reduced to the revised liability |
| 5384 Auburn, Maple Heights, | **33** Cuyahoga County | Real Estate Tax Lien | $11,368.04 | Pay in full at 0% interest over 60 |

| | | | | |
|---|---|---|---|---|
| OH (Investment Real Estate) PPN 783-07-028 ———— $40,000.00 | Treasurer; 1219 Ontario St. Room 109— Bankruptcy Department; Attention Mark Campbell Cleveland OH 44113 | | | months from date of filing, 11/11/11, except to the extent that the liability may be reduced by post-confirmation petition to the County Board of Revision, in which case the total payment amount will be reduced to the revised liability |
| 15103 Tokay, Maple Heights, OH (Investment Real Estate) ———— $45,000.00 | /Cuyahoga County Treasurer; 1219 Ontario St. Room 109— Bankruptcy Department; Attention Mark Campbell Cleveland OH 44113 | Real Estate Tax Lien | $2,438.71 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11, except to the extent that the liability may be reduced by post-confirmation petition to the County Board of Revision, in which case the total payment amount will be reduced to the revised liability |
| 5165 Arch, Maple Heights, OH (Investment Real Estate) ———— $66,000.00 | /Cuyahoga County Treasurer; 1219 Ontario St. Room 109— Bankruptcy Department; Attention Mark Campbell Cleveland OH 44113 | Real Estate Tax Lien | $1,224.78 | Pay in full at 0% interest over 60 months from date of filing, 11/11/11, except to the extent that the liability may be reduced by post-confirmation petition to the County Board of Revision, in which case the total payment amount |

| | | | | | will be reduced to the revised liability |
|---|---|---|---|---|---|

Real estate tax claims will be paid in full as set forth above.

III. PLAN OF REORGANIZATION

1. <u>ALLOWANCE OF CLAIMS AND INTERESTS</u>

The Plan provides that distribution is to be made only to those creditors holding "Allowed Claims" in the various classes. In general, there are two means by which claims become Allowed Claims entitled to distribution under the Plan. First, the Debtor has previously filed with the Bankruptcy Court schedules setting forth all claims against it as reflected in its financial books and records. Unless the schedules have designated a particular claim as contingent, unliquidated or disputed, or the schedules have been amended to so designate, the scheduled claims are deemed allowed unless objection thereto is interposed by the Debtor or any other interested party. If an objection is made, the validity, amount and priority of the claim will be determined by the Bankruptcy Court following a hearing.

The second method by which a claim may become an Allowed Claim is through filing of a proof of claim. Any party may file a proof of claim up to and including the date(s) the Bankruptcy Court may hereafter fix as the last day for filing proofs of claims, which in this case is June 29, 2012. The filing of a proof of claim is required in order to assert any claim not reflected in the Debtor's schedules or any claim shown on the schedules as contingent, unliquidated or disputed. Such filing is also required by any party seeking to assert an amount larger than the amount scheduled by the Debtors or asserting a classification different from that shown in the schedules. Upon filing, a proof of claim supersedes the information contained in the schedules. As with the scheduled claims, a claim asserted by means of a proof of claim will become an Allowed Claim unless an objection is made thereto. Upon objection, the validity, amount, and priority of the claim will be determined by the Bankruptcy Court

2. <u>CLASSIFICATION AND TREATMENT OF CLAIMS</u>

For the purpose of the Plan, Claims are designated and paid as follows:

CLASS ONE:
PRE-PETITION SECURED CLAIMS BASED ON MORTGAGE LIENS WHICH ARE NOT IMPAIRED.

This includes the claim of Bank of America NA and identified as Claim number 15 on the court's PACER system; Claim of Indy Mac Bank and identified as Claim number 46 on the Court's PACER system; Claim of KeyBank and identified as Claim number 13 in the Court's

18

PACER system. These claims are not impaired. The payments due on the mortgages have not been paid as they have come due under the contract since the filing of the case; however, arrearages will be paid 100% and the regular payments will resume post-petition until the claims are paid in full. This also includes the claim of JP Morgan Chase Bank, NA in the real estate located at 8283 Browning Court; Concord, OH 44077. That claim will be paid in full at 6% amortized over 30 years with escrow for real estate taxes included in the mortgage payment.

CLASS TWO:
PRE-PETITION SECURED CLAIMS BASED ON MORTGAGE LIENS WHICH ARE IMPAIRED

All other secured claims based on mortgage liens are impaired. For purposes of plan projections, all impaired claims of this class, with the exception of the interests of record of Charter One in the real estate located at 8283 Browning Court, and the interest of Chase in 6165 Arch, will be treated as secured to the value of the real estate to be paid at 6% amortized over 180 months; those claims will be paid as secured claims only to the extent of the value of the real estate. Where the amount of the claim exceeds the value of the real estate, that portion will be treated as an unsecured claim. The interests of record of Charter One is disputed and no amount will be paid to Charter One on account of its interests of record in 8283 Browning Court, Concord, OH 44077. Charter One will be will be paid $0.00 in full satisfaction of its interests, unless it is determined to have an allowed claim in this proceeding. In that case, to the extent it has an allowed claim, that claim will be paid as an unsecured claim. The interest of Chase in 5165 Arch will be paid as provided for in the case of DJM, Ltd. and as is more fully set forth in the table at Paragraph 13. All claims on the table set forth in paragraph 13, will be treated as set forth in that table. .

CLASS THREE:
PRIORITY CLAIMS— The only claims in this class are the claims of the Cuyahoga County Treasurer in the amounts set forth in the table in Paragraph 14. These claims will be paid in full at 0% interest in equal installments over a period of 60 months from the date the case was filed.

CLASS FOUR:
GENERAL UNSECURED CLAIMS
EXCEPT AS SET FORTH IN THE DEFINITIONS OF CLASS FIVE CLAIMS;
General unsecured claims in this class include all those claims listed on Schedule F unless those claims have been scheduled as contingent, unliquidated, or disputed, or have been filed as unsecured claims in the proceeding, with the exception of those claims that fall into the definition of Class Five Claims;

General unsecured claims in this class include all those claims listed on Schedule F

19

unless those claims have been scheduled as contingent, unliquidated, or disputed, or which have filed unsecured claims in the proceeding, with the exception of those claims that fall into the definition of Class Five Claims;

General unsecured claims of this class amount to **$835,017.69**

As the secured claims and interests are presently set forth, unsecured creditors will be paid a total of $**41,750.00** or **5**% of allowed claims.

CLASS FIVE:

CLASS OF UNSECURED CLAIMS LESS THAN $2,500.00 IN AMOUNT AND CONSISTING OF OBLIGATIONS WHICH ARE THE PERSONAL OBLIGATION OF THE DEBTORS..

FOR PURPOSES OF CLARITY AND SPECIFICITY, THOSE CLAIMS ARE LISTED HERE AND CONSIST OF THE FOLLOWING AS SET FORTH ON DEBTORS' SCHEDULE F OR AS SET FORTH IN FILED CLAMS:

| Creditor | Account number | Amount of claim in dollars |
|---|---|---|
| Chase | Xxxx0506 | 700.00 |
| Chase-Tjx (Claim 17) | Xxxx1830 | 524.00 |
| Gembpppbycr | Xxxx0386 | 531.00 |
| Key Bank Nw (Claim 14) | Xxxx3535 | 977.00 |
| Macy's/fdsb (Claim 10) | Xxxx1420 | 748.08 |
| Nationwide Credit, Inc. | Xxxx4001 | 0.00 |
| Victoria's Secret | Xxxx3098 | 288.00 |
| WFNNB Through its agentQuantum3 Group LLC (Claim 4) | Xxxx3098 | 471.59 |

THE FOREGOING LIST WAS COMPILED FROM CREDITORS LISTED ON SCHEDULE F AND CREDITORS WHO HAVE FILED CLAIMS IN THE PROCEEDING. TO THE EXTENT THAT THE CLAIMS SET FORTH ABOVE ARE FROM FILED CLAIMS, DEBTORS RESERVE THE RIGHT TO OBJECT TO THOSE CLAIMS.

Class Five claims total $4,239.67 and will be paid **25**% of allowed claims on the effective date of the plan.

ANY HOLDER OF A CLAIM WHO FAILS TO FILE AN OBJECTION, IN WRITING, TO THE CLASSIFICATION PROVIDED IN THIS PLAN WITH THE BANKRUPTCY COURT, WITH A COPY THEREOF SERVED UPON THE DEBTOR'S COUNSEL, AT LEAST TEN (10) DAYS PRIOR TO THE HEARING ON THE CONFIRMATION OF THE PLAN SHALL BE DEEMED TO HAVE ACCEPTED SUCH CLASSIFICATION AND SHALL BE

BOUND THEREBY.

### 3. EXECUTION AND IMPLEMENTATION OF THE PLAN

For all claims to be paid by the Debtors, the Debtors will make monthly deposits to a Distribution Account to be hereafter established, and shall fund the Plan from earned income. Each month, the Debtor shall make the distributions required hereunder.

The Debtor proposes that the Order confirming the Plan set forth that DEBORAH MANIACI be appointed to act as the Debtor's disbursing agent. As the disbursing agent, DEBORAH MANIACI shall open the Distribution Account. Monies deposited into this special account shall be used only for distributions required under the Plan. After all claims have been paid pursuant to the Plan, any remaining Plan Funds shall automatically become property of the Debtors and shall be paid to the Debtors.

Pursuant to Section 1111(a) of the Bankruptcy Code, a proof of claim or interest is deemed filed under Section 501 of the Bankruptcy Code if it has been scheduled by the Debtors except a claim or interest that is scheduled as disputed, contingent or unliquidated. The Debtors reserve the right to object to any claim or to seek reconsideration of the allowance of any claim whether such claim has been filed or is deemed filed pursuant to Section 1111(a) of the Code. The filing of any such objections will require the claim holder to submit proof satisfactory to the Bankruptcy Court as to the amount of its claim. The Debtor, through its counsel, shall have sixty (60) days from the Effective Date to initiate the objections of the merits of any claim. Any claim which has been filed, or which is scheduled as disputed, contingent and/or unliquidated, which if not objected to within such sixty (60) day period, or as may be extended by an Order of the Bankruptcy Court, shall be deemed allowed as filed, or if not filed, as scheduled.

Confirmation of this Plan shall bind the Debtors and Creditors whether or not the claim of such creditor is impaired under the plan and whether or not such creditor has accepted the plan. Confirmation of the plan vests all of the property of the estate in the Debtors.`

### 4. RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction to hear and decide:
(1) objections to claims;
(2) avoidance actions under Sections 522, 544, 545, 548 and 549;
(3) turnover actions under Section 542 and 543;
(4) revocation of an order of confirmation under Section 1144;
(5) dismissal under Section 112;
(6) modification of the Plan under Section 1127(b);
(7) enforcement of the permanent injunction under Section 524(a); and
(8) any other matter subject to this Court's jurisdiction pursuant to applicable law.

### 5. MODIFICATION OF THE PLAN

21

The Debtor may propose amendments or modifications of this Plan at any time prior to or subsequent to the Confirmation Date hereof, in the manner set forth in Section 1127 of the Bankruptcy Code; provided, however, that notice thereof be given to all members of any Class or Classes affected thereby. The Debtor may, at any time, with approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the rights of creditors or holders of interests, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effects of this Plan.

6. VOTING

As a creditor, your vote is important. The Plan divides creditors into five classes and provides for separate treatment of each class. The class one secured claims and class 3 priority claims are unimpaired and will be deemed to have accepted the Plan. No votes will be sought for those classes.

Class Two claims (Secured Claims which become unsecured based on the value of the collateral) are impaired and votes will be solicited from those holders.
Class Four (Unsecured Claims) are impaired and votes will be solicited from the holders.
Class Five claims are impaired and votes will be solicited from the holders

7. EFFECT OF CONFIRMATION AND DUTIES OF REORGANIZED DEBTORS

On the Effective Date, all assets of the Debtors shall immediately and indefeasibly re-vest in the ownership of the reorganized Debtors.
The reorganized Debtors shall make monthly deposits from their personal earnings as set forth above to fund liabilities to creditors scheduled to receive distributions in this plan, including classes 2, 3, 4, and 5. The reorganized Debtors shall continue to pay the Class One claim of Bank of America (Claim 15) directly from personal earnings outside the plan.

DEBORAH MANIACI shall be appointed to act as Disbursing Agent, also referred to as Distribution Agent. DEBORAH MANIACI shall open an individual distribution account for funding of obligations on Class 2, 3, 4 and 5 claims. Monies deposited in this special account shall be used only for depositing Plan Funds and making distributions as required under the plan. After all Claims have been paid pursuant to the plan, any remaining Plan funds shall automatically become property of the Reorganized Debtors and shall be paid to the Reorganized Debtors.

Distributions made by the Distribution Agent shall be made to the holders of allowed Class, Two, Three, Four, and Five Claims 1) at the addresses set forth on each respective claimants proof of claim filed for such claims; 2) at the addresses recorded on the debtor's Schedules; or 3) at the addresses otherwise provided by any such Claimant as an amendment or update to the addresses identified in 1 and 2 above.

22

If any distribution to a Claimant is returned to the Distribution Agent as undeliverable, no further distributions will be made to such claimant unless and until the distribution agent is notified of a corrected and then-current address. The Distribution Agent shall have no obligation to attempt to locate any Claimant whose distribution has been undelivered. The Distribution Agent shall retain all Plan Funds designated for any such party that is the subject of undeliverable distributions until the Reorganized Debtor has satisfied all other obligations under the Plan. At such time, the Reorganized Debtor may file a motion with the Bankruptcy Court seeking authority to pay such funds into the Bankruptcy Court.

Pursuant to the Bankruptcy Code, Section 1111(a), a proof of claim or interest is deemed filed under Section 501 of the Bankruptcy Code if it has been scheduled by the Debtors, except for claims or interests that are scheduled as disputed, contingent, or unliquidated. The Debtors reserve the right to object to any Claim or to seek reconsideration of the allowance of any claim, in full or in part, whether such Claim has been filed or deemed filed pursuant to 1111(a) of the Code. The filing of any such objections will require the Claim holder to submit proof satisfactory to the Bankruptcy Court as to the amount of its Claim. The Debtors, through their counsel, shall have sixty days from the Effective Date to initiate any objections to the merits of any such Claim. Any Claim which has not been filed or scheduled as disputed, contingent and/or unliquidated, if not objected to within such sixty day period, or as may be extended by an order of the Bankruptcy Court, shall be deemed allowed as filed, or if not filed, as scheduled.

Once Confirmed, the provisions of the Confirmed Plan shall bind the Debtors and all Creditors whether or not the claim of such creditor is impaired under the plan and whether or not such creditor has accepted the plan; however, the Debtors will receive a discharge only upon completion of all payments under the plan.

8. **INSIDER AND AVOIDANCE ACTIONS.**

Debtors are not aware of the need for any insider or avoidance actions. To the extent Debtors become aware of the need for such actions, they will move to avoid judgment liens either under 11 U.S.C. §547 or under 11 U.S.C. 522(f), as appropriate. Those claims will be paid either as Class 4 or Class 5 unsecured claims, depending on whether the amount exceeds $2,500.00

**With respect to secured obligations based on consensual liens incurred in real estate, those claims will be treated as set forth in the table in Paragraph 13. The confirmation of the plan will serve to establish the secured status and lien interests of those creditors, with no further avoidance action being taken by the Debtor, with the exception of the possible interest of Charter One in 8283 Browning Court, Concord, Ohio 44077. Upon the Debtor having received a discharge and completed all payments as required in the plan, a certified copy of the discharge order, when accompanied by a copy of this plan and the relevant claim, shall serve to extinguish the mortgage interest of record in the public office where the mortgage interest is filed.**

**With respect to the interest Charter One Bank in 8283 Browning Court,**

23

**Concord, Oh 44077 that creditor will be treated as set forth in paragraph 13. Upon the Debtor having received a discharge, a certified copy of the discharge order, when accompanied by a copy of this plan shall serve to extinguish the mortgage interest of record in the public office where the mortgage interest is filed.**

9. <u>DEFAULT REMEDIES.</u>

In the event of a material default hereunder, and an order to that effect by the Bankruptcy Court, all creditors shall be revested with all collection rights and remedies they shall have possessed pre-petition.


_/s/Martin A. Maniaci_____
Martin A. Maniaci


/s/Deborah L. Maniaci_____
Deborah L. Maniaci


Dated: January 22, 2013

24

<u>Certificate of Service</u>

The following is the list of **parties** who are currently on the list to receive email notice/service

- Edward J. Boll nohbk@lsrlaw.com

- Faye Dian English bknotice@reimerlaw.com, RACJ.ecfndoh@yahoo.com

- Susan M Gray ecf@smgraylaw.com, sgrayecfmail@gmail.com

- Brian J Green bgreen@shaperolaw.com

- Mark R Lembright mlembright@feltyandlembright.com

- Chrysostomos E Manolis cmanolis@logs.com, creuss@logs.com;haphillips@LOGS.com

- Jamie M. Nagle bronationalecf@weltman.com, jnagle@weltman.com

- Stacey A O'Stafy bankruptcy@mdk-llc.com, anhsmdk@earthlink.net;anhsmdk@zuckergoldberg.com

- David J Pasz dpasz@paszlaw.com, phenry@paszlaw.com

- Dean R. Prober cmartin@pprlaw.net

- Kenneth M Richards krichards@lnlattorneys.com

- D. Anthony Sottile bankruptcies@gernerlaw.com

- United States Trustee (Registered address)@usdoj.gov

- Dean Wyman ust03 Dean.P.Wyman@usdoj.gov

- Maria D. Giannirakis ust06 maria.d.giannirakis@usdoj.gov

In addition, those named in the attached creditor matrix were served by regular United States

Mail this 22nd day of January, 2013.

In addition, the following were served by Certified United States Mail this 22nd day of January,

2013:

Serve Highest Officer
RBS, National Association
CSC- Lawyers Incorporating Service
 (Corporation Service Company)

50 W. Broad St Suite 1800
Columbus, OH   43215
*Ohio Secretary of State Name Search*


Serve Highest Officer
RBS Citizens, NA
Corporation Service Company
1180 Avenue of the Americas Suite 210
New York, NY   10036
*Ohio Secretary of State Name Search*

Serve Highest Officer
RBS Citizens, NA
One Citizens Plaza
Providence, RI   02903
*Address from Bloomberg Business Week*

/s/Susan M. Gray_____
Susan M. Gray
Attorney for Mr. and Mrs. Maniaci

26